```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ESTER KELEN,                                    :
Individually and on Behalf of                   :
All Others Similarly Situated                   :
                                                :
                         Plaintiff,             :
                                                :          12 Civ. 5024 (PAC)
              - against -                       :
                                                :          OPINION & ORDER
WORLD FINANCIAL NETWORK                         :
NATIONAL BANK,                                  :
                                                :
                         Defendant.             :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: November 12, 2013

HONORABLE PAUL A. CROTTY, United States District Judge:

Lead Plaintiff Ester Kelen ("Kelen" or "Plaintiff") brings this Truth in Lending Act ("TILA") 15 U.S.C. § 1601 *et seq.* action alleging that Defendant World Financial Network National Bank ("WFNNB"), now known as Comenity Bank ("Comenity" or "Defendant"), failed to provide account-opening disclosures in compliance with Regulation Z, 12 C.F.R. § 226.1, *et seq.* regarding consumer billing rights and creditor's responsibilities. Kelen seeks statutory damages under § 1601(a)(3) of the Act, and now moves for class certification under Federal Rule of Civil Procedure 23, and the appointment of Brian L. Bromberg and Harley J. Schnall as class counsel.

For the reasons set forth below, the Court grants Plaintiff's motion to certify a Rule 23 class and appoint class counsel.

## FACTS

Comenity, formerly WFNNB (Loibl Dep. 7:1-17), issues private label consumer credit cards for use at Ann Taylor LOFT. (Id. at 30:11; 32:11-19.) The customer receives a credit card Agreement upon application for a card. (Id. at 30:10-31:18.)

Upon Kelen's application, WFNNB issued a LOFT credit card intended for use at Ann Taylor LOFT stores. (Compl. ¶ 11.) Kelen received an account-opening form on June 27, 2011. (Id.

at ¶ 12.) Kelen alleges that WFNNB violated the TILA, failing to comply with the disclosure requirements of Regulation Z, 12 C.F.R. § 226.1, *et seq.* by inaccurately disclosing certain information and omitting required information in its Billing Rights Notice (Compl. ¶ 1-3 & 10.)

Kelen moves to certify a class as:

All persons who, according to WFNNB's records, (i) were furnished, on or after June 27, 2011, an account-opening disclosure statement with the code "LOFT-PLCC-0211" or with a billing rights notice containing substantially the same text as that in the billing rights notice in Exhibit A to Plaintiff's Complaint; (ii) made a purchase on the LOFT Card account; and (iii) have not been precluded from participating in this action under the terms of the Arbitration Provision in WFNNB's credit account agreement.

(Pl. Mem. 2.)

Plaintiff is represented in this action by Messrs. Bromberg and Litrownik of Bromberg Law Office, P.C., and by Harley J. Schnall of the Law Office of Harley J. Schnall. (Def. Mem. 2.) Bromberg and Schnall have represented Plaintiff and/or her husband in four class actions in the past. (Id. at 2-3.) Two of the class actions involved credit card disclosures. (Id. at 3.) Schnall and Bromberg also represent a business, White Crane Martial Arts, Inc., owned by Plaintiff and her husband. (Id.) Plaintiff has known Mr. Schnall for approximately 18 years. (Schnall Decl. ¶ 12; Kelen Decl. ¶ 9.)

Kelen seeks to certify herself as class representative, and to appoint Bromberg Law Office, P.C. and the Law Office of Harley J. Schnall as class counsel. (Id. at 18-19.)

## DISCUSSION

### I. Legal Standard

While Congress does not always favor class actions, TILA specifically contemplates and allows class actions to address creditors' failures to comply with the statute and applicable regulations. 15 U.S.C. § 1640 (2012); see Perry v. Beneficial Fin. Co. of N.Y., Inc., 81 F.R.D. 490, 494 (W.D.N.Y. 1989)(stating that Section 1640 was "intended to guarantee the availability of class actions in TILA suits"). TILA contemplates a system of private attorneys general to aid its

enforcement, and courts are to construe TILA's language liberally to effectuate its remedial purpose. Thomas v. Myers-Dickson Furniture Co., 479 F.2d 740, 748 (5th Cir. 1973) (citing Ratner v. Chemical Bank New York Trust Co., 329 F.Supp. 270 (S.D.N.Y.1971)).

"In determining whether class certification is appropriate, a district court must first ascertain whether the claims meet the preconditions of Rule 23(a) of numerosity, commonality, typicality, and adequacy." Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc., 546 F.3d 196, 202 (2d Cir. 2008) (citation and internal quotation marks omitted). The court may then grant class certification where it finds under Rule 23(b)(3) "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Id. In 2003, Congress amended Rule 23 to add subdivision 23(g) governing appointment of class counsel, which requires the court to consider whether counsel has the knowledge, experience, and resources to represent the class. Fed. R. Civ. P. 23(g), Comm. Notes on Rules—2003 Amendments. The party seeking class certification has the burden of demonstrating by a preponderance of the evidence that each requirement has been met. Teamsters, 546 F.3d at 202; Myers v. Hertz Corp., 624 F.3d 537, 547 (2d Cir. 2010).

## II. Rule 23(A) Factors

The Second Circuit has held that a class action "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." In re Initial Public Offerings Securities Litigation, 471 F.3d 24, 33 (2d Cir. 2006).

*A. Numerosity*

Defendant has admitted that the class consists of at least 52 members.[1] (Def.'s Amended Response, Ex. 8.) The Second Circuit has held that a proposed class of more than forty members presumptively satisfies the numerosity requirement, Consolidated Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995),[2] and recent cases in this Circuit have reaffirmed that principle. See, e.g., NJ Carpenters, 2011 U.S. Dist. LEXIS 92597, at *5 (internal citations omitted); Jacob v. Duane Read, Inc., 289 F.R.D. 408, 413 (S.D.N.Y. March 20, 2013) (internal citations omitted). Hence, the presumption of numerosity is met.

Other factors do not rebut the presumption. Given the many locations of Ann Taylor LOFT stores throughout the United States and Puerto Rico (Litrownik Reply Decl. ¶ 11), plaintiffs are likely scattered,[3] making joinder impracticable. There is also judicial economy in avoiding up to 50-plus individual lawsuits.

Accordingly, the Court finds that Plaintiff has adequately established numerosity.

*B. Commonality*

The common question asserted in this case is "whether Comenity violated the Truth in Lending Act and its applicable regulations by failing to provide proper account opening disclosures to consumers?" (Pl. Repl. 2.) Defendant argues that commonality does not exist because individual issues will have to be examined to determine liability for each putative class member. That is not the case, however, where each individual suffered the same injury: the alleged failure to receive the disclosures required by federal law. Defendant provided identical account-opening disclosure

---

[1] Defendant argues that the class members may choose to institute their own proceedings, which could further reduce the size of the class. But hypothetical subsequent changes do not factor into a court's decision to certify a class. See Zenith Laboratories, Inc. v. Carter-Wallace, Inc., 530 F.2d 508, 512 (3d Cir. 1976).
[2] The Supreme Court's decision in Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541 (2011), does not question this holding; the opinion did not evaluate the numerosity factor. Id. at 2549 n. 2 ("The numerosity requirement is clearly met ...").
[3] Though Defendant asserts that the class members are known, there is no evidence in the record indicating their location.

4

statements to those who applied for Ann Taylor LOFT credit cards. (Bromberg Decl., Ex. 1, 4.) Commonality exists where, as here, class members "were all allegedly damaged by the same alleged misstatements and omissions in the Offering Documents . . .". 2011 U.S. Dist. LEXIS 92597 at *7.[4]

Accordingly, the Court finds that Plaintiff has adequately established commonality.

*C. Typicality*

"Typicality . . . is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." Marisol A. v. Giuliani, 126 F.3d 372, 376 (2d Cir. 1997). Plaintiff claims that defendant furnished class members "virtually identical ... account-opening disclosure statements that did not conform to TILA requirements." (Id.) Upon certification, all class members may claim the same statutory damages, for the same injury, under the same TILA provision. (Id.) The claims that Plaintiff would make to support her position are the same that the other members of the class would rely on to establish inadequate disclosures under the contract, and statutory damages. Issues such as whether each class member satisfied a condition that would trigger an obligation from Comenity under the contract (such as purchasing an item over $50) are thus irrelevant, since Plaintiff's claims are based on a violation *of the Act*, and *not* from a *breach of contract*.[5]

Accordingly, the Court finds that Plaintiff has adequately established typicality.

---

[4] Other courts have similarly found commonality where companies failed to make required disclosures under TILA. See, e.g., Manning v. Princeton Consumer Discount Co., 390 F.Supp. 320 (E.D. Pa. 1975); Guarte v. Furniture Fair, Inc., 75 F.R.D. 525 (D.C. Md. 1977); Rollins v Sears, Roebuck & Co., 71 F.R.D. 540 (E.D. La. 1976).
[5] Defendant's argument that Plaintiff failed to comply with a notice and cure provision is typical of the irrelevant "unique defenses" it says should preclude a finding of typicality. Judge McMahon recently dealt precisely with the issue of whether a notice and cure provision bars a plaintiff from bringing a claim based on violations of TILA's initial disclosure requirements, and held that it does not. See Taub v. World Financial Network Bank, 2013 WL 3157496 at *3 (S.D.N.Y. June 21, 2013) (reasoning that provisions such as notice and cure provisions "do not apply to suits alleging deceptive business practices (i.e., non-disclosures under TILA), because TILA claims 'arise out of' alleged violations of the statute, rather than from any breach of contract").

*D. Fair and Adequate Representation*

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Cent. States Southeast & Southwest Areas Health & Welfare Fund v. Merk-Medco Managed Care, L.L.C., 504 F.3d 229, 245 (2d Cir. 2007). Defendant claims that Plaintiff is an inadequate class representative because she lacks knowledge of the case. But a class representative's ignorance alone does not prove inadequacy of class representation. Surowitz v. Hilton Hotels Corp., 383 U.S. 363, 370-74 (1966). Class representative status is instead properly denied where the class representative has "so little knowledge that [she] would be unable or unwilling to protect the interests of the class against the possibly competing interests of the attorneys." Casale v. Kelly, 257 F.R.D. 396, 406 (S.D.N.Y. 2009). Plaintiff has sufficient knowledge of the case. Kelen reviewed her discovery responses in draft form, (Kelen Dep. 96:2-3), produced documents to Defendant both before and after her deposition (Litrownik Repl. Decl. ¶¶ 3-6), reviewed her deposition transcript, and completed an errata sheet. (Id. at ¶ 5) Plaintiff is also willing and able to represent the class. She understands her role as a class representative, she stated that she wants to represent the class in this issue, and she thinks that the interests of the class should be protected. (Kelen Dep. at 93:3 – 94:8.) This suffices to show adequacy.

Defendant also argues that there is a conflict of interest between Kelen and the members of the class. The relationship between class representative and class counsel may be a factor in determining adequacy of representation. In re IMAX Securities Litigation, 272 F.R.D. 138, 155-56 (S.D.N.Y. 2010) (internal citations omitted). The Court, however, finds no reason to assume counsel or Plaintiff will accept a lesser settlement, especially when counsel's interests are aligned with the class's in achieving a high settlement. If anything, counsel's past success in representing this Plaintiff in class actions indicates that class members have benefitted from this counsel and Plaintiff's coordinated representation before.

Finally, Kelen is not merely a "key to the courthouse." Weisman v. Darneille, 78 F.R.D. 669, 771 (S.D.N.Y. 1978). Unlike the class representative in Weisman, Kelen "do[es] not have the troubling traits that suggest this [case] is lawyer-driven litigation by a manufactured plaintiff out to make a quick buck." In re Cooper Companies Inc. Securities Litigation, 254 F.R.D. 628, 637 (C.D. Cal. 2009). As discussed above, Plaintiff has knowledge of the action and a desire to represent the class. Kelen has been a plaintiff in such actions before, and she actively sought out her lawyers upon acquiring the Anne Taylor LOFT Card. (Plaintiff's Dep at 44:23-46:2; 46:17-48:5.) These facts show Kelen's initiative in bringing the lawsuit.

Accordingly, the Court finds that Kelen is an adequate class representative.

**II. Rule 23(b)(3) Factors**

*A. Common Questions of Law or Fact Predominate*

"To satisfy the predominance prong of Rule 23(b)(3), a plaintiff must show that common proof will predominate at trial with respect to the essential elements of liability of the underlying causes of action." Kottler, 2010 WL 1221809, at *3 (citation and internal quotation marks omitted). The requirement is met if "resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through *generalized proof* ..." Moore v. PaineWebber, Inc., 306 F.3d 1247, 1252 (2d Cir. 2002) (citations omitted) (emphasis added). The requirement is met here because, as Plaintiff has adequately alleged, Plaintiff will attempt to show that Defendant violated Kelen's billing rights by failing to furnish the requisite account-opening disclosures. (Pl. Mem. 17.) Plaintiff seeks only statutory damages, which do not require evidence of reliance or actual injury. See Dryden v. Lou Budke's Arrow Fin. Co., 661 F.2d, 1186, 1191 n.7 (8th Cir. 1981)("TILA plaintiffs who are otherwise entitled to recover need not show that they sustained actual damages from the TILA provisions before they may recover the statutory damages provided.") Hence, the "individualized inquiries" that Defendant references – such as

whether the class member made a purchase in excess of $50 so as to trigger the disclosure obligation[6] – are largely irrelevant and will not predominate.

Accordingly, the Court finds that Plaintiff has adequately established predominance under 23(b)(3).

*B. A Class Action is Superior to Other Available Methods of Adjudication*

Class actions are intended to "achieve economies of time, effort and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness." Amchem Prods, 521 U.S. at 615. "Rule 23(b)(3) sets forth the following factors that courts should consider in making a 'superiority' determination: (a) the interest of members of the class in individually controlling the prosecution of separate actions, (b) the extent and nature of any litigation concerning the controversy already commenced by members of the class, (c) the desirability of concentrating the litigation of the claims in the particular forum; and (d) the difficulties likely to be encountered in the management of a class action." Kottler, 2010 WL 1221809 at *4.

Defendant challenges superiority under factor (a). Defendant feigns concern for the class members, arguing that their interest in individually controlling the prosecution of separate actions militate against finding superiority. There is no evidence, however, that the potential class members have their own lawyers willing and able to proceed on their own. There is no pending litigation of this controversy of which Plaintiff is aware (Pl. Repl. at 10.), and Comenity offers no evidence of any such litigation. The fact that class members could potentially recover higher amounts from individual lawsuits is not a reason to deny certification of a class. Kalish v. Karp & Kalamotousakis, LLP, 246 F.R.D. 461, 464 (S.D.N.Y. 2007). This is especially true where, as here, potential class members may not be aware of any violations of their rights, and may not have the

---

[6] To the extent that Defendant believes certain members who attempt to opt into the class are not consumers, Defendant can seek to exclude them from the class. That certain people might not meet the class definition does not dispute that the class should be certified.

8

time or resources to bring suit on their own. Id. Anyone wanting to litigate individually can reject class membership; Rule 23(c) requires the court to give the class members notice of the pending action, and exclude any member who requests exclusion.

Additionally, there are no procedural benefits to trying these claims individually. Defendant has conceded that over 50 class members exist, demonstrating the potential for at least 50 individual claims. Since statutory damages are being sought, individual suits would be resolved in the same manner. Class actions are preferable to a flood of duplicative individual suits. See, e.g., Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 259 F.3d 154, 192 (3d Cir. 2001).

The other factors also indicate superiority of the class action. As noted above, there is no other known litigation of this controversy (factor (b)). Plaintiff notes several reasons for choosing the particular forum (factor (c)), including the existence of case law on similar TILA issues, the preeminence of the Southern District of New York in handling financial service litigation, and the Plaintiff's residence. (Pl. Reply at 10.) Finally, a class of only 52 members should present no problems of manageability (factor (d)). See, e.g., NJ Carpenters, 2011 U.S. Dist. LEXIS 92597, at *27.

Accordingly, the Court finds that Plaintiff has adequately established superiority under 23(b)(3).

### III. Rule 23(g) Factors for Appointing Class Counsel

Rule 23(g)(1)(A) states that the Court must consider the following in appointing class counsel:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the case.

Counsel has investigated claims and conducted discovery in the current action. Counsel has handled two of Kelen's previous class actions, and both Mr. Bromberg and Mr. Schnall have

handled numerous TILA claims, including many cases in New York (Bromberg Decl. ¶ 17; Schnall Decl. ¶ 11). Their past experience suggests knowledge of the applicable law, and they appear adequate to represent the class in this case. Defendant does not otherwise dispute that Plaintiff's counsel meets the requirements of 23(g).

Accordingly, the Court finds that the requirements for appointing class counsel have been fulfilled.

## CONCLUSION

The Court grants Plaintiff's motion for class certification. The Clerk of Court is directed to terminate the motion at Docket Entry #14.

Dated:  New York, New York
        November 12, 2013

                                                SO ORDERED

                                                _____
                                                PAUL A. CROTTY
                                                United States District Judge