```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
ESTER KELEN,                                          :
                                                      :
                            Plaintiff,                :
                                                      :            12-CV-5024 (VSB)
           - against -                                :
                                                      :            12-CV-9113 (VSB)
WORLD FINANCIAL NETWORK                               :
NATIONAL BANK,                                        :            12-CV-9418 (VSB)
                                                      :
                            Defendant.                :
                                                      :
------------------------------------------------------X            MEMORANDUM & ORDER
-
                                                      :
ELIZABETH TAUB,                                       :
                                                      :
                            Plaintiff,                :
                                                      :
           - against -                                :
                                                      :
WORLD FINANCIAL NETWORK                               :
NATIONAL BANK,                                        :
                                                      :
                            Defendant.                :
                                                      :
------------------------------------------------------X
-
                                                      :
YOCHEVED MILO,                                        :
                                                      :
                            Plaintiff,                :
                                                      :
           - against -                                :
                                                      :
WORLD FINANCIAL NETWORK                               :
NATIONAL BANK,                                        :
                                                      :
                            Defendant.                :
                                                      :
------------------------------------------------------X
-
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/28/2014

Appearances:

Brian Bromberg
Jonathan R. Miller
Bromberg Law Office, P.C.
New York, New York

Harley J. Schnall
Law Office of Harley J. Schnall
New York, New York
*Counsel for Plaintiffs*

Martin C. Bryce, Jr.
Ballard Spahr LLP
Philadelphia, Pennsylvania

David M. Bizar
Seyfarth Shaw, LLP
Boston, Massachusetts
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

      Before the Court is the unopposed Joint Motion of Plaintiffs Esther Kelen, Elizabeth Taub, and Yocheved Milo to Consolidate Cases and for Preliminary Approval of Class Action Settlement.  (12-CV-5024, Doc. 37; 12-CV-9113, Doc. 30; and 12-CV-9418, Doc. 25.)  Plaintiffs seek an order (1) consolidating the cases captioned above, (2) certifying the proposed classes for settlement purposes, (3) appointing the Bromberg Law Office, P.C., and the Law Office of Harley J. Schnall, as class counsel, (4) preliminarily approving the proposed terms of the settlement, (5) directing the sending of notice to the certified settlement class, and (6) setting dates for opt-outs, objections, and a Rule 23 final fairness hearing.  For the reasons that follow, Plaintiffs' Motion is GRANTED.

      **I.**    **Background**

      Plaintiffs commenced three separate actions against Defendant World Financial Network

National Bank ("WFNNB"), now known as Comenity Bank ("Comenity" or "Defendant"), entitled *Kelen v. World Financial Network National Bank*, 12-CV-5024, *Taub v. World Financial Network National Bank*, 12-CV-9113, and *Milo v. World Financial Network National Bank*, 12-CV-9413, alleging that Defendant violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and Regulation Z, 12 C.F.R. § 226.1.  (Ps' Mem. 1.)[1]

Defendant issues private label consumer credit cards for use at Ann Taylor LOFT, J. Crew, and Mandee and Annie Sez.  (Bromberg Decl. Ex. 2 ("Consolidated Compl."), at ¶ 1.)[2] Defendant issued Kelen a LOFT credit card intended for use at Ann Taylor LOFT stores, and furnished Kelen an account-opening disclosure statement on June 27, 2011.  (*Id.* ¶¶ 11-12.) Defendant issued Taub a J. Crew credit card intended for use at J. Crew retail locations, and similarly furnished Taub an account-opening disclosure statement on December 14, 2011.  (*Id.* ¶¶ 11-12.)[3]  Defendant issued Milo a Mandee/Annie Sez credit card intended for use at Mandee and Annie Sez stores, and likewise furnished Milo an account-opening disclosure statement on December 29, 2011.  (*Id.* ¶¶ 11-12.)  Plaintiffs contend that all three sets of credit card disclosures were substantively identical.  (Ps' Mem. 2.)  Plaintiffs allege that Defendant violated TILA and failed to comply with the disclosure requirements of Regulation Z by inaccurately disclosing certain information and omitting required information in its Billing Rights Notice issued with the account-opening disclosure statements.  (Consolidated Compl. ¶¶ 2, 35-36.)

---

[1] "P's Mem. refers to Plaintiffs' Memorandum in Support of Plaintiffs' Motion to Consolidate Cases and for Preliminary Approval of Class Action Settlement.  (12-CV-5024, Doc. 39.)  Plaintiffs filed an identical version of this Memorandum in the *Taub* and *Milo* actions, but for purposes of this Motion, I will refer to the Memorandum filed in the *Kelen* matter.  The decision, findings, and holdings in this Memorandum and Order, however, apply equally to the papers filed in the other actions.

[2] "Bromberg Decl." refers to the Declaration of Plaintiffs' Attorney Brian L. Bromberg in Support of Plaintiffs' Motion to Consolidate Cases and for Preliminary Approval of Class Action Settlement.  (12-CV-5024, Doc. 38.)  As with Plaintiffs' Memorandum, Plaintiffs filed an identical version of the Bromberg Declaration in the *Taub* and *Milo* actions, but for purposes of this Motion, I will refer to the Declaration filed in the *Kelen* matter.

[3] The Consolidated Amended Complaint repeats allegations 11 and 12 three times, once for each named Plaintiff.

Plaintiffs entered into a stipulation consolidating all three actions for purposes of settlement, (Bromberg Decl. Ex. 1 ("Settlement Agreement"), ¶¶ B.1-2), and now move for approval of their stipulation. Plaintiffs also move to certify the following class for settlement purposes:

> All persons who, according to Comenity's records, made a purchase on a LOFT Card account, a Mandee/Annie sez Card account, or a J. Crew Card account; and who have not been precluded from participating in this action under the terms of the Arbitration Provisio in Comenity's credit account agreement; and
>
> (i) were furnished, on or after June 27, 2011, an account opening disclosure statement with the code "LOFT-PLCC-0211" or with a billing rights notice containing substantially the same text as that in the billing rights notice in Exhibit A to Plaintiff's Complaint in *Kelen v. World Financial Network National Bank*, Southern District of New York Case No. 12-CV-5024; or
>
> (ii) were furnished, on or after December 29, 2011, an account opening disclosure statement with the code "Mandee/Annie sez-SCAA-0711" or with a billing rights notice containing substantially the same text as that in the billing rights notice in Exhibit B to Plaintiff's Complaint in *Milo v. World Financial Network National Bank*, Southern District of New York Case No. 12-CV-9418; or
>
> (iii) were furnished, on or after December 14, 2011, an account opening disclosure statement with the code "JC-APCCA-0811 W" or with a billing rights notice containing substantially the same text as that in the billing rights notice in Exhibit A to Plaintiff's Complaint in *Taub v. World Financial Network National Bank*, Southern District of New York Case No. 12-CV-9113.

(Ps' Mem. 8.)

Plaintiffs are represented in this action by Brian Bromberg and Jonathan Miller of Bromberg Law Office, P.C., and by Harley J. Schnall of the Law Office of Harley J. Schnall. Judge Crotty, who formerly presided over *Kelen* and *Taub*, previously appointed these attorneys as class counsel in *Kelen*. (No. 12-CV-5024, Doc. 30, at 9-10.)

## II.  Consolidation

Consolidation is a "valuable and important tool of judicial administration." *Consorti v.*

4

*Armstrong World Indus., Inc.*, 72 F.3d 1003, 1006 (2d Cir. 1995), *vacated on other grounds*, 518 U.S. 1031 (1996).  Under Federal Rule of Civil Procedure 42(a), when separate actions before a court involve a common question of law or fact, a court is empowered to consolidate the actions. *See* Fed. R. Civ. P. 42(a)(2).  Essentially, Rule 42 is "invoked to expedite trial and eliminate unnecessary repetition and confusion."  *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (internal quotation marks omitted).  "[C]onsolidation should be considered when savings of expense and gains of efficiency can be accomplished without sacrifice of justice."  *Id.* (emphasis and internal quotation marks omitted).

It is well-settled that Rule 42 gives a district court broad discretion to consolidate legal actions, *sua sponte*.  *See Devlin*, 175 F.3d at 130.  Indeed, where judicial economy is concerned, a district court will generally consolidate actions.  *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990) ("[C]ourts have taken the view that considerations of judicial economy favor consolidation."); *Bank of Montreal v. Eagle Assocs.*, 117 F.R.D. 530, 532 (S.D.N.Y. 1987) ("[C]onsiderations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event.") (alteration in original).

As stated above, the parties have agreed to consolidate the three cases for purposes of settlement, and they seek approval of their stipulation.  All three cases involve the same defendant, Comenity, and the same legal issues arising out of the use of materially identical forms.  Further, there are only seventy-two class members among all three actions, and consolidation will allow a more expeditious settlement and the simultaneous and efficient resolution of all claims against Defendant.

Accordingly, I find that the three above-captioned actions should be consolidated.

### III.     Certification of Settlement Class[4]

####     A.     *Legal Standard*

"Before approving a class settlement agreement, a district court must first determine whether the requirements for class certification in Rule 23(a) and (b) have been satisfied." *In re Am. Int'l Grp., Inc. Sec. Litig.*, 689 F.3d 229, 238 (2d Cir. 2012).  In making that determination, the court must first ascertain "whether the proposed class satisfies Rule 23(a)'s four threshold requirements:  (1) numerosity ('the class is so numerous that joinder of all members is impracticable'), (2) commonality ('there are questions of law or fact common to the class'), (3) typicality ('the claims or defenses of the representative parties are typical of the claims or defenses of the class'), and (4) adequacy of representation ('the representative parties will fairly and adequately protect the interests of the class')." *Id.* (quoting Fed. R. Civ. P. 23(a).).  Where—as here—the plaintiffs allege that a class may be maintained under Rule 23(b)(3), a court may grant class certification if it also finds "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 202 (2d Cir. 2008).

The Supreme Court has recognized that "the 'settlement only' class has become a stock device" in modern class action litigation. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 618 (1997).  In the *Amchem* decision, the Supreme Court advised that when a district court is "[c]onfronted with a request for settlement-only class certification, [it] need not inquire whether

---

[4] As noted above, Judge Crotty previously certified the *Kelen* class.  (12-CV-5024, Doc. 30.)  Therefore, Judge Crotty reviewed the requirements for class certification in *Kelen*, and determined that class certification was appropriate.

6

the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial." *Id.* at 620 (internal citation omitted).  "[O]ther specifications of [Rule 23]," however—"those designed to protect absentees by blocking unwarranted or overbroad class definitions—demand undiluted, even heightened, attention in the settlement context." *Id.*  Thus, even in the settlement context, Rules 23(a) and (b) serve to "focus [the] court['s] attention on whether a proposed class has sufficient unity so that absent members can fairly be bound by decisions of class representatives." *Id.* at 621.

If a court is satisfied that the requirements of Rule 23(a) and (b) have been met, it must "separately evaluate whether the settlement agreement is 'fair, reasonable, and adequate' under Rule 23(e). *In re Am. Int'l.*, 689 F.3d at 238.

### B. *Analysis*

#### 1. Rule 23(a) Factors

##### a. Numerosity

As stated above, the numerosity requirement provides that the class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).  Certification is appropriate when "the number of class members is sufficiently large so that joinder of all members would make litigation needlessly complicated and inefficient." *Banyai v. Mazur*, 205 F.R.D. 160, 163 (S.D.N.Y. 2002).

In the Second Circuit, a proposed class of more than forty members presumptively satisfies the numerosity requirement. *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995).  Given that all three classes are now consolidated, the settlement class consists of 72 members, (Ps' Mem. 3 (noting *Kelen* class consists of fifty-two individuals, *Taub* class is comprised of seventeen, and *Milo* class-size is three)), and thus the numerosity

requirement is satisfied. *See In re Citigroup Pension Plan ERISA Litig.*, 241 F.R.D. 172, 178 (S.D.N.Y. 2006) (analyzing numerosity requirement after consolidation); *In re Auction Houses Antitrust Litig.*, 193 F.R.D. 162, 164 (S.D.N.Y. 2000) (same). It would be highly inconvenient, if not impossible, to join this many individuals.

Accordingly, Plaintiffs have adequately established numerosity.

### b. Commonality

Commonality requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "The critical inquiry is whether the common questions are at the core of the cause of action alleged." *Vengurlekar v. Silverline Techs., Ltd.*, 220 F.R.D. 222, 227 (S.D.N.Y. 2003) (internal quotation marks omitted).

Defendant provided virtually identical account opening disclosure statements to the individuals who applied for Ann Taylor LOFT credit cards, J. Crew credit cards, and Mandee/Annie Sez credit cards. Each putative class member therefore suffered the same injury—the alleged failure to receive the disclosures required by federal law. Thus, there are no individual issues that will require examination to determine liability.

As Judge Crotty noted in certifying the *Kelen* class, the proposed class members' claims all share a common issue regarding credit-card statements and initial disclosures that Plaintiffs allege did not conform to TILA requirements. (12-CV-5024, Doc. 30, at 4-5.) Where—as here—class members "were all allegedly damaged by the same alleged misstatements and omissions in the Offering Documents," commonality exists. *N.J. Carpenters Health Fund v. DLJ Mortg. Capital, Inc.*, No. 08-CV-5653, 2011 WL 3874821, at *2 (S.D.N.Y. Aug. 16, 2011).

Accordingly, Plaintiffs have adequately established commonality.

        **c.**      <u>Typicality</u>

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "Typicality . . . is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997) (internal quotation marks omitted). The typicality requirement helps ensure that "the class representative is not subject to a unique defense which could potentially become the focus of the litigation." *Steinberg v. Nationwide Mut. Ins. Co.*, 224 F.R.D. 67, 72 (E.D.N.Y. 2004). The requirement further "ensures that maintenance of a class action is economical and that the named plaintiff's claims and the class claims are so interrelated that the interest of the class members will be fairly and adequately protected in their absence." *In re Risk Mgmt. Alternatives, Inc., Fair Debt Collection Practices Act Litig. (In re Risk Mgmt. Alternatives Litig.)*, 208 F.R.D. 493, 505 (S.D.N.Y. 2002) (alteration and internal quotation marks omitted).

Plaintiffs claim that Defendant furnished them "virtually identically formatted credit-card disclosures that did not conform to TILA requirements." (Ps' Mem. 11.) Each class member may claim the same amount of statutory damages, for the same injury, under the same TILA provision. The allegations put forth in support of the named Plaintiffs' position are the exact same that the other putative class members would rely on to establish inadequate disclosures under the contract. Further, because Plaintiffs' claims are based on a violation of TILA and not from a breach of contract, issues such as whether each class member satisfied a condition that would trigger an obligation from Comenity under the contract are irrelevant. Thus, no individualized inquiry will be required and the class representatives are not subject to any unique

defenses.

Accordingly, Plaintiffs have adequately established typicality.

### d. Fair and Adequate Representation

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." A district court must inquire whether "1) plaintiff's interests are antagonistic to the interest[s] of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009) (internal quotation marks omitted). The purpose of the adequacy requirement is "to ferret out potential conflicts between representatives and *other* class members." *Freeland v. AT&T Corp.*, 238 F.R.D. 130, 141 (S.D.N.Y. 2006) (emphasis and internal quotation marks omitted). "The commonality and typicality requirements blend together in determining whether the representative Plaintiffs' claims are typical enough of the classwide claims that the representatives will adequately represent the class." *In re NASDAQ Market-Makers Antitrust Litig. (In re Nasdaq Antitrust Litig.)*, 169 F.R.D. 493, 512 (S.D.N.Y. 1996).

I find that the first element has been met, as no divergence of interests between Plaintiffs and the other class members has been identified. Each putative class member is an individual who received a credit-card disclosure that allegedly did not conform to TILA requirements. Resolution of each putative class member's claims will concern the content of the credit-card statements and other disclosures each member received from Defendant or the amounts assessed and paid in finance charges to the Defendant. Further, each member of the putative class has the same interest in maximizing the aggregate amount of class-wide damages. Thus, I do not find any fundamental conflict or inconsistency between the claims of the proposed class members.

I also find that the second element is satisfied. The attorneys seeking to represent the

class in this case are experienced in the field of consumer protection law, and have participated in numerous consumer protection class actions. (*See* 12-CV-5024, Docs. 15-16.)

Accordingly, Plaintiffs have established that the named Plaintiffs are adequate class representatives.

### 2. Rule 23(b)(3) Factors

As noted above, Plaintiffs seek to certify a Rule 23(b)(3) class, and therefore must show that common questions of law or fact "predominate" over purely individual questions and that a class action is "superior" to other methods of resolving the dispute. Fed. R. Civ. P. 23(b)(3). Rule 23(b)(3) specifies that the "matters pertinent" to the predominance and superiority findings include:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

As previously mentioned, in the context of a settlement class, concerns about whether individual issues would create "intractable management problems" at trial is not relevant to the Rule 23(b)(3) analysis. *Amchem*, 521 U.S. at 620.

The purpose of the predominance requirement is to "ensure[] that the class will be certified only when it would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 104 (2d Cir. 2007) (alteration and internal quotation marks omitted). The Second Circuit has held that to satisfy the predominance requirement, a plaintiff must show

that "resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and [that] these particular issues are more substantial than the issues subject only to individualized proof." *Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1252 (2d Cir. 2002); *see Kottler v. Deutsche Bank AG*, No. 05-CV-7773, 2010 WL 1221809, at *3 (S.D.N.Y. Mar. 29, 2010) ("To satisfy the predominance prong of Rule 23(b)(3), a plaintiff must show that common proof will predominate at trial with respect to the essential elements of liability of the underlying causes of action.") (internal quotation marks omitted).  In other words, the district court must determine whether the "legal or factual questions that qualify each class member's case as a genuine controversy" are sufficiently similar as to yield a cohesive class. *Amchem*, 521 U.S. at 623.  The Supreme Court has noted that this test is "readily met in certain cases alleging consumer or securities fraud or violations of the antitrust laws." *Id.* at 625.

Plaintiffs have met the predominance requirement.  Resolution of the key factual and legal issues—namely, whether Defendant violated TILA by sending non-complying disclosures to each class member—can be readily resolved through "generalized proof."  As Judge Crotty previously found, Plaintiffs need only demonstrate that Defendant failed to furnish the requisite account-opening disclosure.  (12-CV-5024, Doc. 30, at 7-8.)  Because Plaintiffs are seeking only statutory damages, (Consolidated Compl, ¶ 4), no evidence of reliance or actual injury is required. *See Dryden v. Lou Budke's Arrow Fin. Co.*, 661 F.2d 1186, 1191 (8th Cir. 1981) ("TILA plaintiffs who are otherwise entitled to recover need not show that they sustained actual damages from the TILA provisions before they may recover the statutory damages provided.").  As a result, individualized inquiries—such as whether the class member triggered any disclosure obligation—are irrelevant and will not predominate.

Plaintiffs have also satisfied Rule 23(b)(3)'s superiority requirement.  First, litigation by way of a class action is more economically sensible due to the relatively modest size of any individual's recovery.  There is also no evidence that the potential class members have their own lawyers willing and able to proceed on their own, nor is there any pending litigation of this controversy of which Plaintiffs or this Court is aware.  Further, there are no procedural benefits to trying these claims individually.  There are seventy-two putative class members, and thus the potential for at least seventy-two individual claims.  A class action is preferable to individual actions where—as here—a class action will serve the main objectives of Rule 23, including "the efficient resolution of the claims or liabilities of many individuals in a single action, as well as the elimination of repetitious litigation and possibly inconsistent adjudications."  *D'Alauro v. GC Servc. Ltd. P'ship*, 168 F.R.D. 451, 458 (E.D.N.Y. 1996).  Aggregating the claims of all putative class members in one forum "will prevent the inefficiencies of multiple litigations that might stand in the way of a beneficial comprehensive settlement, such as the one currently before the Court."  *Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*, 237 F.R.D. 26, 33 (E.D.N.Y. 2006).  Finally, as discussed above, the difficulties of managing a class action are not relevant here, as Plaintiffs seek certification solely for the purposes of settlement.  *See Amchem*, 521 U.S. at 620.

Accordingly, Plaintiffs have satisfied both prongs of Federal Rule of Civil Procedure 23(b)(3).  As noted above, Plaintiffs have also met each of the prerequisites to class certification outlined in Federal Rule of Civil Procedure 23(a).  Because all of the requirements of Federal Rule of Civil Procedure 23 have been met, I certify the proposed settlement class.

### IV.     Appointment of Class Counsel

Rule 23(g) governs appointment of class counsel, and requires the court to consider whether counsel has the knowledge, experience, and resources to represent the class.  Fed. R.

Civ. Proc. 23(g).  Specifically, Rule 23(g)(A) requires a district court to consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class.

A court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."  *Id.* at 23(g)(1)(B).

Plaintiffs seek to appoint Brian Bromberg and Harley J. Schnall as class counsel.  (Ps' Mem. 16-17.)  Counsel has represented each named Plaintiff since each action's inception, and in all three suits counsel investigated claims and conducted discovery.  (*Id.*)  Indeed, Judge Crotty previously appointed Mr. Bromberg and Mr. Schnall as class counsel in the *Kelen* action.  (12-CV-5024, Doc. 30, at 9-10.)  Moreover, Mr. Bromberg and Mr. Schnall successfully engaged in arm's-length settlement discussions on behalf of Plaintiffs in all three actions that resulted in a recovery for each of the seventy-two class members.  (*Id.* at 17.)  Finally, as stated above, counsel has handled numerous TILA claims, including many cases in New York, and are highly familiar with consumer protection class actions.  (12-CV-5024, Docs. 15-16.)  Their past experience suggests knowledge of the applicable law, and there is no dispute that Mr. Bromberg and Mr. Schnall are adequate to represent the class in this case.

I thus find that the requirements for appointing class counsel have been fulfilled, and Brian Bromberg and Harley J. Schnall are appointed as counsel for the consolidated action.

### V.     **Preliminary Approval of Settlement**

#### A.    *The Settlement Agreement*

Plaintiffs next seek the preliminary approval of the Settlement Agreement, which would resolve the TILA claims brought on behalf of the consolidated class.

The Settlement Agreement provides that Comenity will establish a fund (the "Settlement

Fund") totaling $68,000, which shall be divided on a *pro rata* basis among the sixty-nine class members who do not opt out of the settlement.[5]  (Settlement Agreement, 9.)  Assuming no one opts out, each class member will be eligible to obtain a settlement payment of $992.75.  (Ps' Mem. 19.)  In addition to payment to the class, Comenity will pay $3000 to Kelen; $2000 to Milo; and $2000 to Taub, in recognition of their services as class representatives and for the individual settlement of their TILA claims.  (Settlement Agreement, 11.)  Furthermore, in the event that any part of the fund is not dispensed to the class members, it will be distributed to the National Consumer Law Center in the form of a *cy pres* award.  (*Id.* at 10.)

In addition to the payments described above, Counsel for Plaintiffs are permitted to seek attorneys' fees and costs in an amount not to exceed $95,000.  (*Id.*)

### B. *Legal Standard*

Pursuant to Federal Rule of Civil Procedure 23(e), the settlement of a class action is not effective until judicially approved.  Notwithstanding the general policy favoring settlements, a court may approve a class action settlement only if it is "fair, adequate, and reasonable, and not a product of collusion."  *Joel A. v. Giuliani*, 218 F.3d 132, 138 (2d Cir. 2000).  In determining a settlement's fairness, a court must look at both the settlement's terms and the negotiating process leading to settlement.  *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001).

It is within a trial court's discretion to approve a proposed class action settlement.  *See Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1078 (2d Cir. 1995).  "In exercising this discretion, courts should give proper deference to the private consensual decision of the parties," and should bear in mind "the unique ability of class and defense counsel to assess the potential risks and rewards of litigation."  *Clark v. Ecolab, Inc.*, Nos. 07-CV-8623, 04-CV-4488,

---

[5] The three named Plaintiffs will not be paid out of the Settlement Fund.  (Settlement Agreement, 11.)

06-CV-5672, 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009) (internal quotation marks omitted).

"Preliminary approval of a settlement agreement requires only an initial evaluation of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties." *Id.* at *3 (internal quotation marks omitted). Nevertheless, courts often grant preliminary settlement approval without requiring a hearing or a court appearance. *See Hernandez v. Merrill Lynch & Co., Inc.*, No. 11-CV-8472, 2012 WL 5862749, at *1 (S.D.N.Y. Nov. 15, 2012) (granting preliminary approval based on plaintiffs' memorandum of law, attorney declaration, and exhibits). Preliminary approval may be granted if the court finds that there is "probable cause to submit the [proposed settlement] to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass'n-Eastern Railroads*, 627 F.2d 631, 634 (2d Cir. 1980). If the proposed settlement "appears to fall within the range of possible approval, the court should order that the class members receive notice of the settlement." *Clark*, 2009 WL 6615729, at *3 (internal quotation marks omitted).

    **C.**    *Analysis*

In assessing procedural fairness, there is a "presumption of fairness, reasonableness, and adequacy as to the settlement where a class settlement is reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *McReynolds v. Richards-Cantave*, 588 F.3d 790, 803 (2d Cir. 2009) (alteration and internal quotation marks omitted). The Settlement Agreement appears fair and does not appear to be collusive, given that it was the result of lengthy and comprehensive arm's-length negotiations. My belief in the fairness of the proposed agreement is further strengthened by Magistrate Judge Gorenstein's participation as mediator in the negotiations. The Second Circuit has noted that "a court-appointed mediator's

16

involvement in pre-certification settlement negotiations helps to ensure that the proceedings were free of collusion and undue pressure." *D'Amato*, 236 F.3d at 85; *see Clark*, 2009 WL 6615729, at *4 (assistance of "experienced class action employment mediator" during negotiations "reinforce[d] the non-collusive nature of the settlement").  Moreover, as discussed above, I am satisfied that Plaintiffs' counsel possessed the experience and ability to satisfactorily represent the class's interests, and did not enter into the Settlement Agreement until after a comprehensive investigation of the claims and defenses.

Finally, the class representatives will not receive any unduly preferential treatment, as Kelen, Milo, and Taub will receive $3000, $2000, and $2000, respectively, pursuant to the settlement agreement, and each putative class member is entitled to receive $992.75.  Although the parties disagree about whether the statutory damages cap under 15 U.S.C. § 1640(a)(2)(B) would be $500,000 or $1.5 million, under either scenario the settlement is within the range of possible approval.  Given that the proposed settlement is within the range of possible approval, a full fairness analysis is unnecessary at this stage, and class members should receive notice of the settlement.

        **D.**    *Notice and Hearing*

Under Rule 23(c)(2), this Court is to direct to the members of the class "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2).  The form of notice must fairly apprise the prospective members of the class of the pendency of the class action, the terms of the proposed settlement, and the options that are open to them in connection with the proceedings, including the option to withdraw from the settlement.  *See Weinberger v. Kendrick*, 698 F.2d 61, 70 (2d Cir. 1982.)

The proposed notice in this case contains all the necessary information, including a summary of settlement terms and procedures for objections and opt outs. Plaintiffs have also indicated that Defendant, using the Settlement Administrator, will provide notice to all class members by first class mail. (Ps' Mem. 20.) Plaintiffs are directed to revise the notice to the extent that it directs the parties to appear before Judge Crotty at 500 Pearl Street. (Settlement Agreement, Ex. B, at 2, 4.)

Accordingly, the form and method of notice is approved, subject to the above-referenced modifications, and a hearing will be conducted before this Court pursuant to the terms set forth in the accompanying order.

### VI. Conclusion

For the reasons stated above, Plaintiffs' Motion is GRANTED. The Clerk of Court is respectfully directed to terminate the pending Motions. (12-CV-5024, Doc. 37; 12-CV-9113, Doc. 30; and 12-CV-9418, Doc. 25.)

SO ORDERED.

Dated: July 28, 2014
    New York, New York

*Vernon S. Broderick*
Vernon S. Broderick
United States District Judge